UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC, <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Civil Action No. 2:23-cv-628-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST, INC.'S OPPOSITION TO DEFENDANTS'
MOTION TO MODIFY SCHEDULING ORDER (DKT. 18)**

This is a patent case, and the Court should not modify the scheduling order it issued on February 14, 2012 (Dkt. 15, "Order") as wrongly suggested by Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") in their Motion (Dkt. 18). As stated in the Amended Complaint, Netlist seeks, among other things, "a declaration that [the patent infringement lawsuits it filed against Micron in this District] were not brought in bad faith" and that "Netlist has not made a bad faith assertion of patent infringement under Idaho Code § 48-1703," which is the Idaho Bad Faith Assertions of Patent Infringement Act. Dkt. 14, ¶¶ 2-3. Adjudicating these claims based on the positions Micron has taken implicates analysis of patent infringement and validity, and thus the Order properly includes patent case requirements, such as infringement and invalidity contentions.[1]

---

[1] Consistent with the Court's Order, Netlist timely served Micron with infringement disclosures and accompanying document production. *See* Plaintiff Netlist, Inc.'s Notice of Compliance with P.R. 3-1 and 3-2 Disclosures, Dkt. 20 (Mar. 11, 2024).

Netlist cannot be found to have asserted claims of patent infringement in "bad faith" unless Micron can prove that Netlist's claims were "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1376 (Fed. Cir. 2004). Indeed, Micron has conceded in parallel litigation that the Idaho statute at issue requires "a showing that Netlist's assertion of the [subject] Patent against Micron was objectively baseless." *Netlist, Inc. v. Micron Tech., Inc.*, No. 1:24-cv-00001 (D. Idaho), Dkt. 19, at 5. This in turn requires the Court to assess whether Netlist had a plausible basis for believing the asserted patents were valid and infringed at the time the suits were brought. Thus, to adjudicate the issue of objective baselessness under Micron's theory, the Court must assess issues of patent infringement and patent validity as the Federal Circuit explained in *Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018):

> Here, **to prevail on its tortious interference claim**, Maxchief would have to prove that Wok engaged in "unfounded litigation," which in turn **would require Maxchief to prove non-infringement or invalidity of Wok's patents**. Our past cases have concluded that similar state law claims premised on allegedly false statements about patents raised a substantial question of federal patent law….

*Id.* at 1140, n.3 (emphases added) (internal citations and quotation marks omitted); *see also Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1329 (Fed. Cir. 1998) (concluding that the plaintiff's "injurious falsehood" claim arose under federal patent law because it turned on issues of patent validity and enforceability).

Therefore, because Netlist has pleaded claims for declaratory relief that it "has not violated Idaho Code § 48-1703" (Dkt. 14, ¶¶ 83-100), which in turn under Micron's theory requires a finding that Netlist had a plausible basis for believing the asserted patents were valid and infringed at the time the suits were brought as part of the "objectively baseless" inquiry, the patent case requirements are necessary, and the Court should deny Micron's Motion.

| | |
|---|---|
| Dated: March 18, 2024 | Respectfully submitted, |
| | */s/ Philip Warrick* |

                                      Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com

**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Tel. (310) 777-6512
Fax (310) 317-7252

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

- 4 -

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 18, 2024, a copy of the foregoing was served to all counsel of record via the Court's CM/ECF system.

*/s/ Philip Warrick*
Philip Warrick
