**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:23-cv-628-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MICRON TECHNOLOGY, INC.; MICRON | ) | |
| SEMICONDUCTOR PRODUCTS, INC.; | ) | |
| MICRON TECHNOLOGY TEXAS LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MICRON'S OPPOSITION TO NETLIST'S MOTION FOR A PROTECTIVE ORDER
TO QUASH MICRON'S DISCOVERY REQUESTS**

## TABLE OF CONTENTS

I.     BACKGROUND ................................................................................................................ 1

II.     ARGUMENT .................................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*800 Adept, Inc. v. Murex Securities, Ltd.*,
    539 F.3d 1354 (Fed. Cir. 2008)..................................................................................6

*Bard Peripheral Vascular, Inc. v. W.G. Gore & Associates, Inc.*,
    682 F.3d 1003 (Fed. Cir. 2012)..................................................................................6

*Catch Curve, Inc. v. Integrated Global Concepts, Inc.*,
    2014 U.S. Dist. LEXIS 190287 (N.D. Ga. Jan. 17, 2014) ........................................6

*Catch Curve, Inc. v. Integrated Global Concepts, Inc.*,
    Case No. 1:06-CV-2199-AT (N.D. Ga.) (Mar. 4, 2013) ....................................6-7

*Dell Inc. v. DeCosta*,
    233 F. Supp. 3d 1 (D. D.C. 2017) .............................................................................7

*EEOC v. BDO USA, L.L.P.*,
    876 F.3d 690 (5th Cir. 2017) ....................................................................................7

*English v. Texas Farm Bureau Business Corp.*,
    462 F. Supp. 3d 667 (W.D. Tex. 2020).....................................................................3

*U.S. ex rel. Grubbs v. Kanneganti*,
    2012 WL 13094355 (E.D. Tex. Mar. 12, 2012) ...................................................5 n.2

*iLor, LLC v. Google, Inc.*,
    631 F.3d 1372 (Fed. Cir. 2011)..................................................................................6

*Nava v. Allstate Texas Lloyds*,
    2021 WL 7906872 (E.D. Tex. July 14, 2021) ..........................................................5

*Texas v. Google LLC*,
    347 F.R.D. 490 (E.D. Tex. 2024)...............................................................................3

**Statutes**

Idaho Code § 48-1703.............................................................................................. 1-2, 6

**Other Authorities**

Fed. R. Civ. P. 26........................................................................................................... 3-4, 7

Local Rule CV-7(h) ...............................................................................................................4

Local Rule CV-26(c)..............................................................................................................4

Netlist, Inc. ("Netlist") is the plaintiff here.  It chose to run to court to file an anticipatory action for declaratory judgment that it did not violate Idaho law barring bad-faith assertions of patent infringement when it sued Micron on nine patents in this District.  While Netlist was quick to bring suit, it has stonewalled Micron's attempts to obtain discovery at every step.  Despite agreeing to the ESI Order this Court entered in August 2024 (Dkt. 42), Netlist has refused to produce *any* ESI that is relevant specifically to *this case*, and has now filed what is effectively a motion to block all ESI discovery.  That is wholly improper.  Netlist must produce documents responsive to Micron's search terms that are relevant to this case, including with respect to both the objective baselessness of Netlist's patent assertions and its subjective bad faith in pursuing claims against Micron.  Netlist's narrow view of relevance here is at odds with its broad demands in seeking to compel documents from Micron in the underlying patent cases.

## I.    BACKGROUND

In 2022, Netlist filed two patent cases against Micron in this District, asserting that Micron infringed nine Netlist patents.  The PTAB, however, has found the asserted claims in *all nine* patents to be unpatentable.  Netlist also filed two patent cases against Micron in the Western District of Texas.  In one of them, the PTAB found all asserted claims of the patent-in-suit to be unpatentable (those claims are now cancelled).  After Micron brought suit in Idaho based on Netlist's bad-faith patent assertion in the Western District, Netlist anticipated that Micron would next bring claims pertaining to the nine patents asserted in this District.  Netlist therefore filed this anticipatory action seeking, with respect to each of the nine patents it asserted in this District, "A declaration that Netlist has not violated Idaho Code § 48-1703 by asserting the [relevant] Patent against Micron."  *See* Dkt. 14 (Am. Compl.) ¶¶ 84, 86, 88, 90, 92, 94, 96, 98, 100.

Idaho Code § 48-1701 *et seq.* (the "Idaho Act") makes it "unlawful for a person to make a bad faith assertion of patent infringement in a demand letter, a complaint or any other

communication." Idaho Code § 48-1703(1). Among the non-exclusive factors to assess bad faith is whether the asserting party "acts in subjective bad faith, or a reasonable actor in the person's position would know or reasonably should know that such assertion is meritless." *Id.* § 48-1703(2)(f). In other words, subjective bad faith is relevant on the face of the statute.

Notwithstanding that it is the *plaintiff* in this action and affirmatively chose to bring suit for declaratory judgment, Netlist has rebuffed Micron's attempts to obtain necessary discovery at every turn. Netlist's view is that nothing more is needed in this case than the discovery from the patent cases. But the bounds of the Idaho Act are not set by the Patent Act. As this Court recognized in April 2024 when it granted Micron's motion to modify the scheduling order to apply non-patent deadlines, "This is not a suit for patent infringement." Dkt. 29 at 2. The Idaho Act includes a list of non-exclusive factors a court may consider—not all of which overlap with the topics covered by documents already produced in the patent cases. The discovery Micron seeks is not unnecessary or duplicative discovery—it is discovery that has never before taken place.

In accordance with the ESI Order, on October 2, 2024, Micron sent Netlist proposed search terms and custodians. Mot. Ex. 1 at 3. Rather than provide hit counts, Netlist responded a week later with generalized objections based on Netlist's view that "most (if not all) of the information that is relevant to [whether the patent assertions were made in good faith] has already been produced in the underlying patent cases." *Id.* Given Netlist's restricted view of relevance, and to ensure it would receive relevant documents to mount its defenses, Micron sent Netlist a letter on October 21, 2024 listing categories of documents Netlist is required to produce in accordance with its discovery obligations in this case, including the Discovery Order and ESI Order. Mot. Ex. 2.

Netlist initially refused to provide hit counts at all—notwithstanding the requirement in the ESI Order (¶ 10) that it do so. In response to Micron's repeated demands, Netlist finally provided

counts for six of the seven custodians on November 7, 2024—a month after Micron's requests. Many terms hit on only a few documents—in some cases under 100[1]—but Netlist refuses to produce documents located by *any* terms based only on its general objections. Mot. Ex. 1 at 2. In the interest of compromise, Micron further narrowed the terms on November 18, 2024—but Netlist continued to refuse to produce any documents located by these terms. *Id*. at 1.

Netlist's suggestion that the patent case discovery should suffice is disingenuous at best. Other than emails it had produced in separate third-party litigation, Netlist produced fewer than 800 emails in the patent cases—apparently the result of its self-selection of documents since it refused to produce documents located by virtually any of Micron's terms. Ex. A. Only *eight* of those emails were sent the year Netlist filed suit asserting the patents at issue here, when many of the most relevant discussions likely took place. There is no basis to use the patent case production as a shield against discovery Micron needs to defend itself from Netlist's claims in *this* case.

## II.    ARGUMENT

"The party seeking a protective order bears the burden of showing that a protective order is necessary, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Tex. v. Google LLC*, 347 F.R.D. 490, 493 (E.D. Tex. 2024); *see also English v. Tex. Farm Bureau Bus. Corp.*, 462 F. Supp. 3d 667, 669 (W.D. Tex. 2020) ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). Netlist has not met that burden.

Rule 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is

---

[1] In considering hit counts, it is significant that Netlist has affirmatively sought declaratory judgment concerning its assertion of *nine* patents, not just one. Preventing Micron from obtaining relevant documents because Netlist has chosen to glom the cases together would prejudice Micron.

relevant to any party's claim *or defense*." This District's Local Rules similarly remind parties of their obligation to "fully cooperate in discovery of relevant information," which includes "information that is likely to have an influence on or affect the outcome of a claim or defense." Local Rules CV-7(h), -26(c). Netlist's refusal to produce documents responsive to any of Micron's search terms, no matter how little the burden, based on its blinkered, self-serving view chops the Rule 26 standard off at the knees. Regardless of how Netlist wishes to prove its case, it cannot unilaterally refuse to disclose information relevant to Micron's defense. That is not how discovery works. When the shoe was on the other foot in the patent cases, Netlist asserted a much broader view of relevance, proclaiming, "Rule 26 *broadly allows* a party to obtain discovery regarding *any subject* relevant to the claim or defense of any party." Netlist Mot. to Compel, *Netlist, Inc. v. Micron Tech., Inc. et al.*, Case No. 2:22-cv-203-JRG, Dkt. 136 at 6 (emphasis added).

Netlist's suggestion that it need not produce documents responsive to Micron's search terms because they go only to subjective bad faith is wrong. The categories of relevant documents in this case—as set forth in Micron's letter to Netlist, Mot. Ex. 2—concern both objective baselessness and subjective bad faith, among other things. While certain documents located by Micron's terms may concern Netlist's subjective bad faith, they also bear on objective baselessness (e.g., documents returned by "PTAB," "IPR," "unpatentable," or "invalid*" in conjunction with the patent numbers), which Netlist concedes is relevant. Netlist's goal is apparently to not produce any discovery *at all* in this case other than the patent case discovery—a wholesale derogation of its obligation to produce all documents relevant to the claims and defenses in this action. Dkt. 33 (Discovery Order) ¶ 3. Its motion should be denied for this reason alone.

In service of its wrongful refusal to produce relevant discovery, Netlist misrepresents the very relief it seeks in this action. Its motion states that it seeks a declaration "that Netlist's claims

of patent infringement before this Court were not 'objectively baseless' and thus not brought in bad faith." Mot. at 1.  Wrong.  What Netlist actually demands is: "A declaration that Netlist has not violated Idaho Code § 48-1703 by asserting the [relevant] Patent against Micron."  *See* Dkt. 14 (Am. Compl.) ¶¶ 84, 86, 88, 90, 92, 94, 96, 98, 100.  Even if Netlist believes it can prevail based only on objective baselessness, the declarations it seeks invoke the *entirety* of the Idaho Act—not just objective baselessness as it states in its motion.

Netlist is thus wrong that its "subjective intent is not at issue in this case." Mot. at 2.  *Netlist* put its subjective bad faith at issue by seeking declarations that it "has not violated Idaho Code § 48-1703."  It must therefore provide evidence relevant to violation of Idaho Code § 48-1703— which specifically includes subjective bad faith—its own theory of the case notwithstanding. Unlike in *Nava v. Allstate Texas Lloyds*, 2021 WL 7906872, at *8 (E.D. Tex. July 14, 2021), where the discovery was denied because "neither those pled assertions [which the court deemed dicta] nor the requested discovery are relevant to Nava's claim itself and the causes of action based on that individual insurance claim," each of Netlist's nine claims for relief specifically refers to "Idaho Code § 48-1703" *in its entirety*—not just objective baselessness.[2]

Moreover, in the current pre-trial discovery posture of this case, there is no way for the parties to know whether the Court will find Netlist's infringement claims to have been objectively baseless or not.  If it finds that standard met, Netlist's subjective bad faith would then be indisputably "in play" for Netlist to show its entitlement to the declarations it seeks.  In other words:  even if Netlist intends to rely only on proving a lack of objective baselessness, it may not succeed.  It will presumably also assert—if only as a fallback position—that it also acted in

---

[2] *U.S. ex rel. Grubbs v. Kanneganti*, 2012 WL 13094355 (E.D. Tex. Mar. 12, 2012), was a *qui tam* action; Netlist's quotation refers to the narrower discovery in such actions and is inapposite here.

subjective good faith.  But denying Micron discovery into subjective bad faith *now* will completely prevent Micron from responding to that argument at trial.  Similarly, Netlist cannot be heard to argue that "[d]iscovery must be targeted at the specific allegations of the complaint" (Mot. at 2), because plaintiffs do not get to limit defendants' right to defend themselves *on the merits* based solely on limited facts or theories they choose to mention in the complaint.

Netlist's reliance on Patent Act cases is misplaced.  It points to *iLor, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011), and *Bard Peripheral Vascular, Inc. v. W.G. Gore & Associates, Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012), for the proposition that the record from the underlying patent cases suffices to assess baselessness.  But those were cases under Sections 284 and 285 of the Patent Act.  Patent Act cases do not define what a court may consider in assessing a violation of the Idaho Act; the non-exclusive factors in Idaho Code § 48-1703 as to which Netlist seeks declaratory judgments are not limited to the patent case record.  The critical issues in *this* case will include Netlist's state of mind in asserting the nine patents against Micron—which was not relevant in the patent cases, which concerned only whether the patents were infringed.

Nor do Netlist's cases support its wholesale refusal to provide discovery concerning its subjective bad faith.  *800 Adept, Inc. v. Murex Securities, Ltd.*, 539 F.3d 1354 (Fed. Cir. 2008), was a post-trial decision.  The order of proof at trial there says nothing about pre-trial discovery to which a party is entitled.  *Catch Curve, Inc. v. Integrated Global Concepts, Inc.*, 2014 U.S. Dist. LEXIS 190287 (N.D. Ga. Jan. 17, 2014), is also inapposite.  The magistrate judge there followed the district judge's allowance of a limited scope for "this" round of discovery.  *Id.* (citing Dkt. 205).  The district judge had decided to resolve objective baselessness before allowing a second stage of discovery into subjective bad faith.  *Catch Curve, Inc. v. Integrated Global Concepts, Inc.*, Case No. 1:06-CV-2199-AT (N.D. Ga.) (Mar. 4, 2013) Dkt. 199 at 11, *modified in part by* Dkt.

205 (June 28, 2013). That court's approach is limited to the facts of that specific case.

Netlist's attempt to use attorney status as a shield fares no better. That certain custodians are lawyers does not allow Netlist to refuse even to search for nonprivileged materials they may possess. "There is no presumption that a company's communications with counsel are privileged." *EEOC v. BDO USA, L.L.P.,* 876 F.3d 690, 696 (5th Cir. 2017). For example, communications with someone who happens to be a lawyer but is operating in her capacity as a business advisor are not privileged. *Id.* Even the nonbinding case Netlist cites recognized as much: it allowed depositions of outside counsel because it recognized that their role as licensing counsel "has no bearing on each Defendant's testimony concerning their correspondence or dealing with non-client outside parties." *Dell Inc. v. DeCosta*, 233 F. Supp. 3d 1, 4 (D. D.C. 2017). Micron knows—as the participant on the other side of certain communications—that many of these individuals did indeed have non-privileged communications. Internal emails involving these custodians also must be produced to the extent they were not sent "for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *EEOC*, 876 F.3d at 695. That Netlist will have to log privileged communications is not an excuse not to produce non-privileged communications, especially considering "the parties' relative access to relevant information" and "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).

Netlist's refusal to search its CEO's emails (Mot. at 3) rings hollow: it identified Mr. Hong on its list of "the most significant Netlist e-mail custodians," Ex. B, and he was included on Netlist's licensing letter to Micron. Netlist produced at least 61 documents from Mr. Hong and 77 from Ms. Sasaki in the patent cases—so is willing to produce their documents in its own interests.

Netlist's motion should be denied. It should be required to run Micron's terms shown in the hit report (Ex. C), and to produce relevant documents (*see* Mot. Ex. 2) located by those terms.

Dated: December 19, 2024

Respectfully submitted,

/s/ G. Blake Thompson

**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, TX 75702
Tel: (903) 657-8540
Fax: (903) 657-6003

Jared Bobrow (CA State Bar No. 133712)
Jason Lang (CA State Bar No. 255642)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
Fax: (650) 614-7401
jbobrow@orrick.com
jlang@orrick.com

Kim B. Goldberg (NY State Reg. No. 4883310)
*Pro Hac Vice*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5203
Fax: (212) 506-5151
kgoldberg@orrick.com

***Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC***

8

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served December 19, 2024 on all counsel who have consented to electronic service.

_/s/ G. Blake Thompson_____
**G. Blake Thompson**