**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | C.A. No. 2:23-cv-00628-JRG |
| | § | |
| v. | § | |
| | § | |
| MICRON TECHNOLOGY, INC., | § | |
| MICRON SEMICONDUCTOR | § | |
| PRODUCTS, INC., AND MICRON | § | |
| TECHNOLOGY TEXAS LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  THE COURT SHOULD EXERCISE ITS DISCRETION UNDER THE
     DECLARATORY JUDGMENT ACT TO STAY THIS PROCEEDING. ........................ 2

     A.   Idaho Law, Not Federal Law, Provides The Rule Of Decision In This Case. ........ 2

     B.   The *Trejo* Factors Militate In Favor Of A Stay. ...................................... 3

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dow Chemical Co. v. Exxon Corp.*,
  139 F.3d 1470 (Fed. Cir. 1998)..................................................................................................2

*Hammervold v. Blank*,
  3 F.4th 803 (5th Cir. 2021) .......................................................................................................4

*ITG Brands, LLC v. Texas*,
  2019 WL 11003169 (E.D. Tex. June 6, 2019).........................................................................3

*Katana Silicon Technologies LLC v. Micron Technology, Inc.*,
  671 F. Supp. 3d 1138 (D. Idaho 2023) .....................................................................................3

*Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*,
  48 F.4th 603 (5th Cir. 2022) .....................................................................................................4

*Sherwin-Williams Co. v. Holmes County*,
  343 F.3d 383 (5th Cir. 2003) ................................................................................................3, 4

**Statutes**

Idaho Code § 48-1703................................................................................................................2, 4

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| 19 | Memorandum Decision and Order on Defendant's Motion to Dismiss, *Micron Technology, Inc., et al. v. Netlist, Inc.*, No. CV01-24-01032 (District Court of the Fourth Judicial District of the St. of Id., in and for the Cty. of Ada Dec. 20, 2024) |
| 20 | Statement of Dissolution of Micron Technology Texas, LLC (Oct. 25, 2023) |
| 21 | Notice of Scheduling Conference, *Micron Technology, Inc., et al. v. Netlist, Inc.*, No. CV01-24-01032 (District Court of the Fourth Judicial District of the St. of Id., in and for the Cty. of Ada Dec. 23, 2024) |
| 22 | Stipulation regarding IPR2022-00996 (U.S. Patent No. 11,016,918), Samsung Ex. 1074 (PTAB Jan. 5, 2023) for *Netlist, Inc. v. Samsung Electronics Co., LTD., et al.*, C.A. No. 2:21-cv-00463-JRG (E.D. Tex) (Oct. 11, 2022) |
| 23 | Stipulation regarding IPR2022-00999 (U.S. Patent No. 11,232,054), Samsung Ex. 1074 (PTAB Jan. 5, 2023) for *Netlist, Inc. v. Samsung Electronics Co., LTD., et al.*, C.A. No. 2:21-cv-00463-JRG (E.D. Tex) (Oct. 11, 2022) |

I.  **INTRODUCTION**

Netlist does not dispute that the Idaho courts have not yet construed the Idaho statute at issue. Nonetheless, it asserts that this Court should coopt their opportunity to do so on the theory that the state-law claims raise "only" federal issues because objective baselessness must be shown to avoid preemption here. Op. at 1-2, 6-8. But objective baselessness asks whether a reasonable litigant would expect to succeed on the merits. Netlist cites no case suggesting that the evaluation of reasonableness converts state law claims into federal ones. In any event, objective baselessness is just one element of a state-law claim for violation of Idaho Code § 48-1703.

Netlist also ignores that the weight of the *Trejo* factors strongly favors a stay. Micron's Idaho suit will resolve claims concerning two patents at issue here and provide guidance on how to construe the Idaho Act, which will narrow the issues in dispute. That suffices for substantial overlap justifying abstention. Moreover, Netlist admits that its anticipatory suit is an attempt to avoid the Idaho courts: its claim to a ripe dispute is expressly based upon its efforts to forestall the Idaho court from hearing Micron's claims under the Idaho Act. Nor does it have any defense to its forum-shopping. Micron's claims are not compulsory counterclaims in the patent cases and are properly brought in Idaho, where Micron is headquartered. Indeed, when Netlist moved to dismiss the Idaho cases, making the same unfounded "harassment" charge it does here, the Idaho courts roundly rejected the motions, finding that Micron stated a claim for Netlist's violation of the Idaho Act and expressing Idaho's interest in interpreting its laws. Exs. 1, 19.[1]

Netlist's suggestion that this Court should jump ahead of the Idaho courts' interpretation of the Idaho Act because it heard the patent cases is unfounded. The facts relevant to Idaho Act claims are not limited to infringement-related facts. Nor did this Court adjudicate the validity

---

[1] The Idaho court hearing Micron's claim for bad-faith assertion of the '054 and '918 patents denied Netlist's motion to dismiss on December 20, 2024. Ex. 19.

1

arguments underlying Micron's claims against Netlist. Netlist's attempt to leapfrog the Idaho courts is especially galling where it has outright refused to provide any discovery specific to this case—stalling any progress for over eight months.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION UNDER THE DECLARATORY JUDGMENT ACT TO STAY THIS PROCEEDING.

### A. Idaho Law, Not Federal Law, Provides The Rule Of Decision In This Case.

Netlist attempts to turn its state-law declaratory judgment demands on their head by pointing to the federal requirement of objective baselessness. Op. at 6-8. But federal law does not govern Netlist's state-law declaratory judgment claims, notwithstanding that objective baselessness is required to avoid preemption here. Asserting that the objective baselessness element renders this case federal is akin to arguing that any state criminal prosecution is federal because it must meet Constitutional mandates. The question of whether Netlist's assertions were objectively baseless—meaning that no reasonable litigant would expect to succeed—is a question for the factfinder. In *Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998), the Federal Circuit recognized that state-law unfair competition claims relating to patents often include non-patent factors and held that state-law claims are not preempted "even if [they] require[] the state court to adjudicate a question of federal patent law," so long as the state claim "includes additional elements not found in the federal patent law cause of action." Just so here.

Regardless, objective baselessness is only one element of the state-law claim. Netlist's declaratory judgment claims are not limited to the question of objective baselessness (Op. at 1, 4, 6). Rather, its nine specific claims for relief expressly seek declarations that it "has not violated Idaho Code § 48-1703" (Dkt. 14 ¶¶ 84, 86, 88, 90, 92, 94, 96, 98, 100). That is a question of state law—not federal law. And the facts relevant to resolving those claims are not limited to objective baselessness. *See* Idaho Code § 48-1703. Even Netlist's complaint (¶ 32) alleges that "Netlist

2

also brought these suits to achieve a favorable verdict on the merits"—a statement invoking Netlist's state of mind and purpose in suing Micron. Netlist's attempt to make the objective baselessness tail wag the state-claim dog also is inconsistent with its own conduct in this case. After Micron moved to dismiss Netlist's original complaint (which included only the first nine claims for relief) on the grounds that it raised only issues of state law and presented no federal question (Dkt. 7), Netlist effectively conceded the point, amending its complaint to include a preemption claim rather than opposing the motion (Dkt. 14).

Netlist's tagalong preemption and First Amendment claims do not change the analysis. Op. at 7-8. The District of Idaho has already held that the Idaho Act is not preempted. *Katana Silicon Techs. LLC v. Micron Tech., Inc.*, 671 F. Supp. 3d 1138, 1160 (D. Idaho 2023). And it is well-established that state courts have concurrent jurisdiction over First Amendment claims. *See Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 396 (5th Cir. 2003).

### B. The *Trejo* Factors Militate In Favor Of A Stay.

*The pending Idaho actions substantially overlap with this one.* Netlist asserts that this Court should jump ahead of the Idaho courts' interpretation of the Idaho Act because this case involves additional patents and another entity. Op. at 8-10. But it does not dispute that the Idaho litigation will conclusively resolve whether it violated the Idaho Act by asserting the '054 and '918 patents against Micron. Dkt. 14 ¶¶ 88, 90. As to the other patents, allowing the Idaho courts to interpret the Idaho Act will narrow the issues in dispute. As this Court has recognized, "the cases need not be identical; rather the crucial inquiry is one of substantial overlap." *ITG Brands, LLC v. Texas*, 2019 WL 11003169, at *5 (E.D. Tex. June 6, 2019). Netlist's suggestion that there is no "substantial overlap" here blinks reality. Nor does Netlist's inclusion of Micron Technology Texas LLC as a declaratory judgment defendant weigh against a stay. That subsidiary has been defunct since 2023. Ex. 20. In any event, as the Fifth Circuit has explained, non-identity of parties is not

dispositive: "If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule." *Sherwin-Williams*, 343 F.3d at 394 n.5.

*Netlist admits that this case is anticipatory.* Netlist does not dispute that it filed this case in anticipation of Micron's second Idaho case. Op. at 10-11. Indeed, that is its only basis to claim a ripe controversy. Nor does Netlist disclaim its attempt to avoid the Idaho courts by winning the race to the courthouse. While Netlist may be permitted to run that race, this Court is not required to reward its sprint by itself jumping ahead of the Idaho courts. As in *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603 (5th Cir. 2022), Netlist is attempting to misuse the Declaratory Judgment Act to "preempt the proper plaintiff's forum choice." *Id.* at 606.

*Netlist is wrong that bad-faith claims must be brought here.* Netlist argues that claims for bad-faith patent assertion must be brought in the patent case. Op. at 2, 11-13. But Micron's claims are not compulsory counterclaims. They arise out of Idaho law and rely on different facts than the infringement cases. *See* Idaho Code § 48-1703. As the Fifth Circuit has stated, "[C]ounterclaims are compulsory only if they arise from the same facts as the plaintiff's suit. Given that the claims for malicious prosecution and abuse of process arise out of the fact of the first lawsuit—and not the facts underlying that lawsuit—they do not arise from the same transaction and are thus not compulsory counterclaims." *Hammervold v. Blank*, 3 F.4th 803, 810 (5th Cir. 2021).

Netlist leans heavily on this Court's denial of Samsung's motions to stay Netlist's infringement case pending the resolution of Samsung's IPRs (and denial of one such motion from Micron). Op. at 4-5, 13. That the Court did not stay the Samsung litigation does not mean that the issue of Netlist's bad-faith assertions against Micron has been resolved, and certainly does not

4

have anything to do with whether this Court should jump ahead of Idaho in hearing this case.

Netlist further argues that this case will not give it unfair precedence in time because this case has a July 2025 trial date and Micron has sought discovery here. Op. at 13-14. As detailed in Micron's motion (Mot. at 6-7) and in its opposition to Netlist's motion for a protective order (Dkt. 47 at 2-3), Netlist has stonewalled discovery since the Court entered the Docket Control Order in April 2024, with the result that it has yet to provide *any ESI discovery* specific to this case *at all*. The timing of Micron's motion is a product of Netlist's failed attempts to remove the Idaho cases (Micron's motions to remand were granted in August 2024), the Idaho courts' expressed desire to interpret the Idaho Act (in the December 5, 2024 order denying Netlist's motion to dismiss (Ex. 1)), and Netlist's discovery delays in this case. Since Micron filed this motion, the Idaho court hearing the '054 and '918 case set a scheduling conference for January 28, 2025. Ex. 21. Micron intends to seek a trial at the earliest practicable date in early 2026. And trial in the '833 case in Idaho is scheduled for October 2025. Ex. 4. Any delay here pending the Idaho cases would be of a limited time and is justified by Micron's jury trial right.

*This forum is not more convenient or economical.* Netlist's suggestion that this Court is better positioned to address claims of bad-faith assertion (Op. at 3, 14) is undermined by the fact that the validity arguments underlying Micron's bad-faith claims were not actually adjudicated in this Court. Samsung stipulated that it would not present the IPR grounds for invalidity to the jury, so the jury was not presented with the invalidating prior art. Exs. 22-23. Netlist's suggestion that the patent case discovery is a reason to deny a stay is nonsensical. Op. at 14-15. It does not dispute that it has not produced any case-specific discovery concerning facts relevant to the Idaho Act.

The Idaho courts have asserted Idaho's interest in interpreting the Idaho Act. Ex. 19 at 19. This Court should reject Netlist's demand to shortcut those proceedings and instead stay this case.

5

Dated:  January 3, 2025

Respectfully submitted,

*/s/ G. Blake Thompson*

**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, TX 75702
Tel: (903) 657-8540
Fax: (903) 657-6003

Jared Bobrow (CA State Bar No. 133712)
Jason Lang (CA State Bar No. 255642)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
Fax: (650) 614-7401
jbobrow@orrick.com
jlang@orrick.com

Kim B. Goldberg (NY State Reg. No. 4883310)
*Pro Hac Vice*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5203
Fax: (212) 506-5151
kgoldberg@orrick.com

***Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 3, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.

                                                  */s/ G. Blake Thompson*
                                                  **G. Blake Thompson**