## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-00628-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., | § | |
| MICRON SEMICONDUCTOR | § | |
| PRODUCTS, INC.,  MICRON | § | |
| TECHNOLOGY TEXAS LLC, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Stay (the "Motion") filed by Defendants Micron

Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC

(collectively, "Micron" or "Defendants"). (Dkt. No. 46). In the Motion, Micron asks the Court to

exercise its discretion to stay this declaratory judgment action pending resolution of its Idaho

state-court actions. (*Id.* at 1.)  Having considered the Motion, and for the reasons set forth herein,

the Court finds that the Motion should be **GRANTED AS MODIFIED**.

## I.    PROCEDURAL HISTORY

On April 28, 2021, Plaintiff Netlist, Inc. ("Plaintiff" or "Netlist") brought a patent

infringement action against Micron in the Western District of Texas, asserting U.S. Patent No.

8,301,833 (the "'833 Patent" or "W.D. Texas Patent"). (Dkt. No. 1 at ¶ 20; *see also Netlist, Inc. v.

Micron Tech., Inc. et. al.*, Case No. 1:22-cv-134-DAE (W.D. Tex. Apr. 28. 2021).)[1]

---

[1]  Before Netlist filed this action, the Patent Trial and Appeal Board ("PTAB") issued its Final Written Decision
determining that claims 1-15 of U.S. Patent No. 8,874,831 (the "'831 Patent") were unpatentable. (Dkt. No. 46-2 at
¶ 23; *SK Hynix Inc., et al. v. Netlist, Inc.*, IPR2017-00692, Paper No. 25 (P.T.A.B. July 5, 2018).) Micron contends
that claim 15 of the '833 Patent is "virtually identical" to claim 15 of the '831 Patent. (Dkt. No. 46-2 at ¶ 24.)
Despite the PTAB decision being non-final, Micron contends that Netlist acted with bad faith because it knew or
reasonably should have known that its lawsuit over the '833 Patent was meritless. (*Id.* at ¶ 39.)

Netlist brought two additional patent infringement actions against Micron in the Eastern District of Texas. (Dkt. 1 at ¶¶ 2, 21.) The first, *Netlist, Inc. v. Micron Tech., Inc. et. al.*, ("*Micron I*") was filed on June 10, 2022. (Case No. 2:22-cv-203, Dkt. 1 (E.D. Tex.)) In *Micron I*, Netlist asserted U.S. Patent Nos. 10,860,506 (the "'506 patent"); 10,949,339 (the "'339 Patent"); 11,016,918 (the "'918 Patent"); 11,232,054 (the "'054 patent"); 8,787,060 (the "'060 Patent"); and 9,318,160 (the "'160 Patent") (the "*Micron I* Patents"). (*Id.* at 2.)[2] The second case in the Eastern District of Texas, *Netlist, Inc. v. Micron Tech., Inc. et. al.*, ("*Micron II*"), was filed on August 1, 2022.  (Case No. 2:22-cv-294; Dkt. 1). In *Micron II*, Netlist asserted U.S. Patent Nos. 7,619,912 (the "'912 Patent"); 11,093,417 (the "'417 Patent"); and 9,858,215 (the "'215 Patent") (the "*Micron II* Patents") (collectively, with the *Micron I* Patents, the "E.D. Texas Patents"). (Dkt. No. 11 at ¶ 2.)

On August 28, 2023, the PTAB issued a Final Written Decision finding that all challenged claims of the '833 Patent—the W.D. Texas Patent—were unpatentable. (Final Written Decision in IPR2022-00418; Dkt. No. 46 at 4.)  Subsequently, during the fall of 2023, the PTAB issued Final Written Decisions finding that all challenged claims of the '339 Patent, the '506 Patent, the '054 Patent, and the '918 Patent—four of the nine E.D. Texas Patents—were unpatentable. (Final Written Decisions in IPR2022-00639, IPR2022-00711, IPR2022-00999, IPR2022-00996; Dkt. No. 46 at 4.)[3]

---

[2] Before Netlist filed its Complaint in *Micron I*, Samsung Electronics Co., Ltd. ("Samsung") filed petitions at the PTAB challenging the validity of all claims of the '054 and '918 Patents. (*See* Dkt. No. 46-5 at ¶ 20; *see* IPR Petitions in IPR2022-00999, IPR2022-00996.) On this basis, Micron contends that Netlist acted with subjective bad faith because it knew or reasonably should have known that *Micron I* was meritless. (*Id.* at ¶ 30.)

[3] Before the PTAB determined that any of these patents were unpatentable, a jury returned a unanimous verdict in *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 2:21-cv-463 (E.D. Tex.), on April 21, 2023, finding that Samsung infringed at least one of the claims of the '339, the '918, the '060, and the '160 Patents, that none of the asserted claims were invalid, that Samsung's infringement was willful, and that Samsung owed Netlist approximately $300 million for that infringement. (Case No. 2:21-cv-463, Dkt. No. 551.)  Samsung has appealed that decision to the United States Court of Appeals for the Federal Circuit. (*See Netlist, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 24-2203 (Fed. Cir. Aug. 13, 2024.)

On December 11, 2023, only days after the PTAB issued its most recent Final Written Decision, Micron sued Netlist in Idaho state court (the "First Idaho State Court Action"), alleging that Netlist violated the Idaho Bad Faith Assertions of Patent Infringement Act (Idaho Code § 48-1703) (the "Idaho Act"). (Dkt. No. 46 at 4; Dkt. No. 1 at ¶ 5.)

Under the Idaho Act, "[i]t is unlawful for a person to make a bad faith assertion of patent infringement in a demand letter, a complaint or any other communication." Idaho Code § 48-1703(1). The Idaho Act allows courts to consider several factors as "evidence that a person has made a bad faith assertion of patent infringement," including the following factors:

> (f) The person asserting a claim or allegation of patent infringement acts in subjective bad faith, or a reasonable actor in the person's position would know or reasonably should know that such assertion is meritless.

> (h) The person or its subsidiaries or affiliates have previously filed or threatened to file one (1) or more lawsuits alleging patent infringement based on the same or similar claim, the person attempted to enforce the claim of patent infringement in litigation and a court found the claim to be meritless.

> (i) Any other factor the court finds relevant.

*Id.* §48-1703(2).[4] In the First Idaho State Court Action, Micron contends that Netlist violated the Idaho Act by asserting the '833 Patent—the W.D. Texas Patent—when it knew (or should have known) that it was invalid. (Dkt. No. 46 at 1, 4; Dkt. No. 46-2 at ¶ 38.) A jury trial in this case is scheduled to begin on October 27, 2025. (Dkt. No. 46 at 4.)

"Fearing more suits would follow," Netlist brought this action on December 22, 2023, seeking declaratory judgment under 28 U.S.C. §§ 2201-2202 that its lawsuits against Micron in

---

[4] The Idaho Act also provides that "[a] court may consider the following factors as evidence that a person has not made a bad faith assertion of patent infringement: (a) The person engages in a good faith effort to establish that the target has infringed the patent and to negotiate an appropriate remedy. (b) The person makes a substantial investment in the use of the patent or in the production or sale of a product or item covered by the patent. (c) The person has: (i) Demonstrated good faith in previous efforts to enforce the patent, or a substantially similar patent; or (ii) Successfully enforced the patent, or a substantially similar patent, through litigation. (d) Any other factor the court finds relevant." The Court notes that Netlist has successfully enforced several of these patents through litigation. *See, e.g., supra* note 3; *see also infra* at 5.

this district for the nine asserted E.D. Texas Patents do not violate the Idaho Act.  (Dkt. No. 1 at ¶¶ 6, 15, 22; Dkt. No. 46 at 4-5; Dkt. No. 48 at 3.)  A jury trial in this case is scheduled to begin on July 7, 2025, before the First Idaho State Court Action. (*See* Dkt. No. 30 at 1.)

On January 16, 2024, Micron filed a second lawsuit against Netlist in Idaho state court, (the "Second Idaho State Court Action") alleging that Netlist asserted the '054 and '918 Patents in violation of the Idaho Act. (Dkt. Nos. 46 at 5; 46-5 at ¶¶ 32-33.)  Specifically, Micron contends that Netlist knowingly asserted invalid patents because "Netlist refused to stay its claims after the PTAB instituted IPR proceedings on the '054 and '918 patents" and later "Netlist again refused to dismiss or stay its claims after the PTAB found them to be unpatentable." (Dkt. No. 46-5 at ¶ 31.) A jury trial in this action is scheduled to begin on July 20, 2026.[5]

After Netlist filed the Second Idaho State Court Action, the PTAB issued Final Written Decisions between April 1, 2024, and April 17, 2024, determining that all asserted claims in the '060, the '160, and the '215 Patents were unpatentable. (Dkt. No. 46 at 1-2; Final Written Decisions in IPR2022-01428 as to the '060 Patent, IPR2022-01427 as to the '160 Patent; IPR2023-00455 as to the '215 Patent.) After the PTAB found that all asserted claims of the six *Micron I* Patents were invalid, this Court stayed *Micron I* on June 13, 2024, "until further order of the Court." (*Micron I*, Dkt. No. 501.)

---

[5] Shortly after Micron initiated this action, Netlist removed it to the United States District Court for the District of Idaho just as it did for the First Idaho State Court Action, claiming the Idaho District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1338, or alternatively under § 1442(a)(2). (*Micron Technology, Inc., et al. v. Netlist, Inc.*, Case No. 1:24-cv-00081-DCN, Dkt. Nos. 1; 23 at 2 (D. Idaho).)  Then, Netlist moved the District Court to dismiss this case or transfer it to the Eastern District of Texas—the location of the underlying patent litigation. (*Micron Technology, Inc., et al. v. Netlist, Inc.*, Case No. 1:24-cv-00081-DCN, Dkt. Nos. 12; 23 at 2 (D. Idaho).)  The Idaho District Court found it could not exercise jurisdiction under §§ 1331, 1338, or 1442(a)(2), because doing so would disrupt the federal-state balance, and because Micron's claim does not affect the validity of any federal law. (*Micron Technology, Inc., et al. v. Netlist, Inc.*, Case No. 1:24-cv-00081-DCN, Dkt. No. 23 at 2 (D. Idaho).) Finding that it did not have jurisdiction, the Idaho District Court denied as moot Netlist's motion to transfer and remanded to the District Court for the Fourth Judicial District of the State of Idaho, County of Ada. (*Id.* at 17-20.)  Netlist has appealed the remand decision to the Federal Circuit (and unsuccessfully sought to stay the remand until the Federal Circuit made a decision on this case). (*Micron Technology, Inc. v. Netlist, Inc.*, Case No. 24-2281 (Fed. Cir. Sep. 3, 2024.)

*Micron II*, however, which involved the '912 and the '417 Patents, was tried before a jury beginning on May 20, 2024. (Dkt. No. 151 at 1.) On May 23, 2024, the jury returned a unanimous verdict, finding that Micron infringed at least one claim of each of the '912 and the '417 Patents, that such infringement was willful, and that Netlist should recover from Micron $425,000,000.00 for infringement of the '912 Patent and $20,000,000.00 for infringement of the '417 Patent. (*Id.*)

Then, on July 30, 2024, the PTAB issued Final Written Decisions finding that all challenged claims of the '912 and the '417 Patents were unpatentable. (Dkt. No. 46 at 6; Final Written Decisions in IPR2023-00454 as to the '417 Patent; IPR2022-00615 as to the '912 Patent.)

In sum, the PTAB has issued appealable, non-final decisions determining that each of the nine patents Netlist asserted against Micron in the Eastern District of Texas were unpatentable. Netlist has appealed each of these decisions, which are curiously entitled "Final Written Decisions" ("FWD"), to the United States Court of Appeals for the Federal Circuit.[6] While the PTAB routinely denotes its published decisions as "Final Written Decisions," they are fully appealable and, when appealed, are not final until ruled upon by the Federal Circuit and (where certiorari is granted) the United States Supreme Court.

In the present action, Netlist asks the Court to (i) declare that Netlist's lawsuits against Micron in this district for the E.D. Texas Patents do not violate the Idaho Act, to (ii) declare that

---

[6] *See Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-1521 (Fed. Cir. Feb. 27, 2024) (appealing the PTAB's FWD in IPR2022-00711, which found all challenged claims of the '506 Patent unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-1707 (Fed. Cir. April 17, 2024) (appealing the PTAB's FWD in IPR2022-00639, which found all challenged claims of the '339 Patent unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-1859, -1863 (Fed. Cir. May 23, 2024) (appealing the PTAB's FWDs in IPR2022-00996 and IPR2022-00999, which found all challenged claims of the '918 and '054 Patents unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-2240, -2241 (Fed. Cir. Aug. 20, 2024) (appealing the PTAB's FWDs in IPR2022-01427 and IPR2022-01428, which found all challenged claims of the '060 and '160 Patents unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-2304 (Fed. Cir. Sept. 11, 2024) (appealing the PTAB's FWD in IPR2022-00615, which found all challenged claims of the '912 Patent unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 25-1286, -1296 (Fed. Cir. Dec. 16-17, 2024) (appealing the PTAB's FWDs in IPR2023-00454 and IPR2023-00455, which found all challenged claims of the '215 and '417 Patents unpatentable).

the Idaho Act is preempted under the Supremacy Clause of the United States Constitution and unconstitutional as applied to Netlist, and to (iii) declare that Micron's bad-faith suits violate Netlist's right under the First Amendment to enforce its patents.  (Dkt. No. 14 at 36-37.)

As a part of the instant Motion, Micron asks this Court to stay this declaratory judgment action pending resolution of the two Idaho state court actions.  (*Id.* at 1.)

## II.    LEGAL STANDARD

The Declaratory Judgment Act ("DJA") grants district courts discretionary authority to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.  The DJA "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952). As the Supreme Court has explained:

> [T]here is ... nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action. By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (citation omitted); *accord Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993) ("It is well established in this circuit that a court need not provide declaratory judgment relief on request, as this is a matter left to the district court's sound discretion."). Accordingly, district courts have "'unique and substantial discretion in deciding whether to declare the rights of litigants' under the federal Declaratory Judgment Act." *Rombough v. Bailey*, 733 F. App'x 160, 165 (5th Cir. 2018) (quoting *Wilton*, 515 U.S. at 286)).

The Fifth Circuit has identified a nonexclusive list of factors (called the *Trejo* factors) that a district court must consider when exercising its discretion to hear or stay a case brought under the DJA. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003). The *Trejo* factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-591 (5th Cir.1994). Since the list is nonexclusive, district courts may also examine any other considerations that bear on the determination of whether to exercise jurisdiction under the DJA. *Id.*; *see also VirnetX Inc. v. Apple Inc.*, No. 6:12-CV-00855-RWS, 2018 WL 398433, at *2 (E.D. Tex. Jan. 12, 2018) ("These factors are not exclusive, and, ultimately, deciding whether to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

Ultimately, district courts must consider and balance all these factors in light of "the purposes of the Declaratory Judgment Act." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993); *accord In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015), *as revised* (May 15, 2015); *Koch Project Sols., L.L.C. v. All. Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *8 (5th Cir. Nov. 11, 2022) ("In addition to considering the *Trejo* factors, a district court must also 'address[ ] and balance[ ] the purposes of the Declaratory

Judgment Act.') (citing *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001)); *Wilton*, 515 U.S. at 288 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

## III.    DISCUSSION

Micron argues that the *Trejo* factors support staying Netlist's declaratory judgment action. (Dkt. No. 46 at 9.)   The Court recognizes that the *Trejo* factors address three broad concepts: federalism (first and seventh factors); fairness (second, third, and fourth factors); and efficiency (fifth, and sixth factors). *Sherwin-Williams Co.*, 343 F.3d at 390-392.   The Court will analyze these enumerated factors in light of the broader policy considerations.[7]

### A.    The Federalism Concerns: *Trejo* Factor 1

The first aspect of the analysis is the "proper allocation of decision-making between state and federal courts."   *Sherwin-Williams Co*., 343 F.3d at 390.   Under the first *Trejo* factor, whether there is a pending state action in which all the matters in the controversy may be fully litigated, requires the court to examine federalism and comity concerns.   *Id.* at 391. This test emphasizes that "if the federal declaratory judgment action raises *only* issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id.* at 390–91 (emphasis added).  The existence of a pending state action, however, is not dispositive.  "[T]he presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action," just as "[t]he lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action." *Id.* at 394.

---

[7]  The seventh factor is not applicable because there is no state judicial decree at issue.

As a preliminary matter, the Court finds that the pending Idaho state court actions involve an overlap regarding the parties and certain similar issues as apply to this action.

First, the declaratory plaintiff in this case (Netlist) is the defendant in the Idaho state court actions, and the declaratory defendants in this case (Micron) are the plaintiffs in the Idaho state court actions.[8]  Accordingly, there is substantial overlap in parties.

Second, the main issue in this case—whether *Micron I* and *Micron II* were brought in bad faith under Idaho Code § 48-1703—is largely a matter of Idaho state law. (*See* Amended Complaint, Dkt. No. 14 at ¶¶ 3, 84, 86, 88, 90, 92, 94, 96, 98, 100.)  Micron represents that this state law is a matter of "first impression" because Idaho state courts have yet to interpret or apply it. (Dkt. No. 46 at 1.)  Netlist argues, however, that it is not asking this Court to resolve any issue of first impression under Idaho state law. (Dkt. No. 48 at 1.)  Rather, Netlist claims its declaratory action is predicated on issues of federal law. (*Id.*)  For example, Netlist claims it is seeking a declaration that it has not acted in bad faith in asserting any of the patents at issue because it had an "objectively reasonable basis" to bring suit. (*Id.* at 1)  Netlist claims that determining whether it had an objectively reasonable basis to bring suit requires applying patent law, which presents a "quintessential federal question." (*Id.* at 7.)  However, as Micron rightly points out, Netlist's nine specific claims for relief expressly seek declarations that it "has not violated Idaho Code § 48-1703," which is, at least on its face, a question of state law that is not limited to "objective

---

[8] It is undisputed that Micron Technology Texas LLC, one of the named defendants in this declaratory action, is not a party to the Idaho state court actions. (Dkt. No. 48 at 9; Dkt. No. 49 at 3.)  Micron argues, however, that the Netlist's inclusion of Micron Technology Texas LLC in this case does not weigh against a stay because only substantial overlap of parties is required. (Dkt. No. 49 at 3.)  Micron further represents this subsidiary has been defunct since 2023. (*Id.*) Netlist contends the status of the subsidiary is irrelevant because a dissolved company can still be sued. (Dkt. No. 50 at 3.)  Ultimately, the Court does not find that this difference in parties has any real impact on the analysis. *See Sherwin-Williams Co.*, 343 F.3d at 394 n.5 ("If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a per se rule.")

baselessness." (Dkt. No. 49 at 2.)  As such, Idaho state courts have a greater interest in adjudicating the claims arising under Idaho state law.  Such federalism concerns weigh in favor of a stay.

Nevertheless, Micron admits that its Idaho state court actions only concern whether two out of the nine E.D. Texas Patents (the '054 and '918 Patents) were brought in bad faith under the Idaho Act, and "may not 'wholly dispose' of the claims here." (Dkt. No. 46 at 9-10, 14; Dkt. No. 48 at 8-9.)  Micron argues that the resolution of how the Idaho Act is to be interpreted and applied is important to an informed resolution of Netlist's claims in this case. (Dkt. No. 46 at 9-10, 14; Dkt. No. 48 at 8-9.)  Netlist correctly notes, however, that this case will still have to proceed on the remaining seven patents, thereby resulting in piecemeal litigation. (Dkt. No. 48 at 2.) Accordingly, this weighs against a stay in this case.

Moreover, Netlist's additional theories of relief seek a declaration that the Idaho Act violates Netlist's right to enforce its patents under the First Amendment, is preempted under the Supremacy Clause of the United States Constitution, and is unconstitutional as applied to Netlist. (Dkt. No. 48 at 2; Dkt. 14 at ¶ 102.) These issues concern federal law. Nevertheless, Micron attempts to lessen the weight the Court allocates to these issues by contending that the "tag-along preemption claim" has been resolved by the District of Idaho. (Dkt. No. 46 at 10 (citing *Katana Silicon Techs. LLC v. Micron Tech., Inc*., 671 F. Supp. 3d 1138, 1160 (D. Idaho 2023) ("The Court finds that the [Idaho Act] is not preempted by federal law.").)[9]  The Court finds that the presence of these federal issues weigh against a stay.  *See Sherwin-Williams Co*., 343 F.3d at 396 ("'The presence of federal law issues must always be a major consideration weighing against surrender' of federal jurisdiction.") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 26 (1983).)

---

[9] This non-binding decision is currently pending on appeal before the Federal Circuit, where appellants challenge the same statute on preemption grounds. *See Micron Tech., Inc. v. Longhorn IP LLC*, No. 23-2007 (Fed. Cir. June 13, 2023.).

In sum, the Court finds that there is an overlap between parties and issues.  The Court further finds that Idaho state courts have a greater interest in adjudicating the issues of Idaho state law, particularly where such issues are a matter of first impression for the Idaho courts.  However, the Court also finds that not all matters in controversy will be fully litigated in the pending Idaho state court actions.  Notably, this Court will need to address several federal questions, including whether the Idaho Act is preempted under the Supremacy Clause, whether the Idaho Act violates Netlist's rights to enforce its patents, and whether the Idaho Act is unconstitutional as applied to Netlist, and also resolve the disputes as to the seven patents not addressed in the Idaho state court actions. Consequently, a stay in this case may narrow the disputes, but it will not result in all the issues being fully litigated. On balance, this factor weighs against a stay.

### B.    The Fairness Concerns: *Trejo* Factors 2, 3, and 4

The next three *Trejo* factors consider whether the declaratory judgment plaintiff filed suit in anticipation of a lawsuit filed by the defendant, engaged in forum shopping in bringing the action, and would create potential inequities by gaining precedence in time or changing forums. *Koch Project Sols., L.L.C. v. All. Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *6 (5th Cir. Nov. 11, 2022) (citing *Trejo*, 39 F.3d at 590-91); *see also Sherwin-Williams Co.*, 343 F.3d at 391 ("The next three *Trejo* factors . . . analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."). The analysis underlying these factor deals with preemptive actions that are "filed for reasons found improper and abusive...." *ITG Brands, LLC v. Texas*, No. 5:19-CV-00048-JRG, 2019 WL 11003169, at *6 (E.D. Tex. June 6, 2019) (citing *Sherwin-Williams*, 343 F.3d at 391).) For example, a declaratory judgment action brought to control which state law will apply is improper "procedural fencing." *Sherwin-Williams*, 343 F.3d at 391*; Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir.1983) (finding there were indications of procedural fencing

where the "burden of proof" could differ in California and Texas and where plaintiff claims in its California action that may not be cognizable under Texas law).)

As to the second *Trejo* factor, the record before the Court indicates that Netlist filed this declaratory judgment action in anticipation of litigation concerning the E.D. Texas Patents. (Amended Complaint, Dkt. No. 14 at ¶ 3 ("Micron has used a state statute passed in its home state of Idaho to harass Netlist . . . . It is just a matter of time before Micron does it as to the E.D. Texas Patents.").)  However, it is not necessarily improper for a party to file anticipatory litigation in a court with jurisdiction. *Sherwin-Williams Co.*, 343 F.3d at 391 ("Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'")  Rather, filing may be found improper where the effect is to improperly deny an affirmative plaintiff's forum selection of its choosing. *Sally Holdings LLC v. Bd. Americas, Inc.*, No. 4:22-CV-285-SDJ, 2023 WL 4424599, at *5 (E.D. Tex. July 10, 2023).

Accordingly, the second *Trejo* factor is analyzed in conjunction with the third *Trejo* factor. Since "[f]ederal declaratory judgment suits are routinely filed in anticipation of other litigation" and "often involve the permissible selection of a federal forum over an available state forum," the pertinent question is whether the declaratory plaintiff engaged in forum shopping and filed the action "in search of more favorable law." *AXIS Surplus Ins. Co. v. Port of Port Arthur Navigation Auth. of Jefferson Cnty.*, No. 1:21-cv-00519-MAC-ZJH, 2022 WL 7376121, at *6 (E.D. Tex. July 21, 2022) (citing *Sherwin-Williams Co.*, 343 F.3d at 391, 398, 399), *report and recommendation adopted*, No. 1:21-CV-519, 2022 WL 4286495 (E.D. Tex. Sept. 15, 2022).

Ultimately, the Court does not find that Netlist is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds. *See Sherwin-Williams Co.*, 343

F.3d at 391 ("The next three *Trejo* factors . . . analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."). No indications of procedural fencing are present in this case. For example, Netlist did not bring this action before Micron was legally able to bring its Idaho state court action with respect to the E.D. Texas Patents. *See, e.g., Sherwin-Williams Co.*, 343 F.3d at 397 n.7 ("Courts have found impermissible "procedural fencing" when the declaratory judgment plaintiff brings the declaratory judgment action before the declaratory defendant is legally able to bring a state action."). Moreover, the same considerations involving bad faith patent assertion under Idaho state law are present regardless of whether an Idaho state court or federal court presides over this case.

The Court is persuaded, however, that Netlist filed its declaratory judgment action in this Court because this Court adjudicated the underlying patent infringement suits and has a high degree of familiarity with the facts of these cases. It is the Court's belief that the court that adjudicated the underlying suit is generally in a better position to determine whether the suit was brought in bad faith. *See, e.g., U.S. Philips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592, 597 (Fed. Cir. 1995) ("[T]he place to challenge litigation as sham is in the asserted sham litigation.") Accordingly, the Court does not find that Netlist's declaratory judgment action is the type of anticipatory suit or forum shopping that results in an unfair advantage contemplated by these factors. *C.f., e.g., Mission Ins. Co.*, 706 F.2d 599, 602 n.3 (5th Cir.1983) (finding indications of forum shopping where the "burden of proof" in regard to the claim could differ in California and Texas and where plaintiff claims in its California action may not have been cognizable under Texas law); *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603, 605-606 (5th Cir. 2022) (finding that Pontchartrain's suit in Louisiana was anticipatory since Los Lago had informed it was voluntarily dismissing its first suit in Texas in order to refile at a later date).

Accordingly, the fairness factors do not weigh in favor of a stay.

13

## C.    The Efficiency Concerns: *Trejo* Factors 5 and 6

The next two *Trejo* factors—whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy—primarily address efficiency considerations. *Sherwin-Williams Co.*, 343 F.3d at 392.

In this case, Micron claims that Idaho state court is a more convenient forum for the parties because neither is incorporated or headquartered in this district. (Dkt. No. 46 at 12.)  As support, Micron mentions that it is an Idaho-based company, and that Netlist is a California-based company. (Dkt. No. 46-2 at ¶¶ 9, 10; Dkt. No. 1 at ¶ 7.).  Micron further contends that a stay promotes judicial economy because it would ensure that this Court and the Idaho state courts do not reach conflicting results with respect to the question of whether Netlist's conduct violated Idaho state law. (Dkt. No. 46 at 13.)

In response, Netlist contends that adjudicating Netlist's declaratory relief suit would promote judicial economy because this Court has already overseen extensive discovery and presided over numerous jury trials between Netlist and Micron and Samsung involving the patents and technology at issue while the Idaho state courts have no familiarity with the patents or technology. (Dkt. No. 48 at 14.)  Micron disputes that this Court is in a better position to address the claims of bad-faith assertion, however, because its validity arguments were not actually adjudicated in this Court. (Dkt. No. 49 at 5.)  Netlist responds that this contention is wrong because the Court ruled on *Daubert* motions relating to invalidity, decided claim construction, and adjudicated infringement disputes that are "intricately tied" with validity. (Dkt. No. 50 at 5.) Netlist further reiterates that there is no dispute this Court is "deeply familiar with the technology at issue having presided over multiple jury trials" and a stay will only lead to unnecessary delay since the trial in the Idaho state courts is not set until mid-2026. (*Id.*; *see also* Dkt. No. 51-1 at 1.)

With respect to convenience of the forum, neither party specifically identifies any witnesses having relevant knowledge that would be required to appear in this Court. As a result, the Court cannot assess whether one location will be more convenient than the other. The Court concludes that this district would not be an inconvenient forum for the parties and their witnesses, particularly given that the Parties have litigated at least one of these cases to a verdict in this district. Accordingly, this individual factor weighs against a stay.

With respect to judicial economy, a stay pending the resolution of the Idaho State Court Actions would avoid the potential for inconsistent state and federal court judgments, especially in regard to the issues of Idaho state law. *Sherwin-Williams Co*., 343 F.3d at 391 ("Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues.") In this way, a stay promotes judicial economy. Nevertheless, the Idaho State Court Actions—unlike this declaratory judgment action—would produce inefficient piecemeal litigation and expend unnecessary judicial resorces. Even after the resolution of the Idaho state court actions, this Court would be required to resolve the claims involving the seven patents not asserted in the Second Idaho State Court Action and the claims involving the federal issues of preemption and unconstitutionality. Furthermore, this Court has already overseen extensive discovery and presided over several jury trials involving the patents and technology at issue, giving it a head start over the Idaho state courts being faced with these patents and the procedural history of the underlying cases for the first time. Accordingly, these reasons of convenience and efficiency weigh against a stay.

### D. Collective Analysis of the Factors

Having considered the enumerated factors at issue that guide the Court's "unique and substantial discretion" in light of the purposes of the DJA, *Rombough*, 733 F. App'x at 165, the Court finds that these enumerated factors support denying the request to stay this action.

15

In sum, the Court does not find that Netlist acted unfairly by filing this declaratory action in this district, particularly given that Micron could have filed its Second Idaho State Court Action before Netlist filed this action in this forum—i.e., a forum that has been adjudicating these suits for a substantial amount of time and is well acquainted with the facts of the underlying cases). Moreover, while the Court acknowledges that the Idaho courts should be the first to address state law issues of first impression, and that such decisions may narrow the issues in this case, the Court recognizes that the Idaho state court will not address the issues of federal law nor the seven remaining patents at issue in this case. Piecemeal litigation will result regardless of this Court's decision to stay the case. Accordingly, the Court finds that the enumerated factors weigh against staying this case pending the resolution of the Idaho State Court Actions.

### E.    The Court's Inherent Power to Stay Proceedings

Nevertheless, the Court chooses to exercise its inherent authority to stay this declaratory judgment action until the resolution of the PTAB and jury trial verdict appeals pending before the Federal Circuit. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Wilton*, 515 U.S. at 286 ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) ("The decision of whether to extend a stay falls solely within the court's inherent power to control its docket.").

The Court notes that the factual basis for this declaratory judgment action is Micron's almost exclusive reliance in the Idaho State Court Actions on the PTAB's decisions finding that the claims of the E.D. Texas Patents and the W.D. Texas Patent are unenforceable.  In the Second Idaho State Court Action, for example, Micron alleges in its complaint that "[f]rom filing suit against Micron after it received detailed IPR petitions which demonstrated that the '054 and '918 patents are invalid, to insisting on trying claims of the '054 and '918 patents after the PTAB invalidated them, Netlist's course of conduct has smacked of bad faith." (Dkt. No. 46-5 at ¶ 29.) Micron goes so far as to allege that "[t]his knowing assertion of invalid patents is quintessential bad faith conduct." (*Id.* at ¶ 31.)

Micron is seeking relief before the Idaho state courts based largely, if not solely, upon appealable, non-final decisions. This is unwise. The PTAB decisions are indisputably appealable and non-final decisions that have no present binding effect as they remain subject to pending appeals. *See supra* at I. Procedural History; *see also* 35 U.S.C. § 318(b) ("If the Patent Trial and Appeal Board issues a final written decision under subsection (a) and the time for appeal has expired or any *appeal has terminated*, . . . .") (emphasis added); *United Therapeutics Corp. v. Liquidia Techs., Inc*., 74 F.4th 1360, 1372 (Fed. Cir. 2023) ("[A]n IPR decision does not have collateral estoppel effect until that decision is affirmed or the parties waive their appeal rights. Further, as the court noted, the Board's final written decision does not cancel claims; the claims are cancelled when the Director issues a certificate confirming unpatentability, which occurs only after 'the time for appeal has expired or any appeal has terminated.' 35 U.S.C. § 318(b). The '793 IPR decision thus has no impact here . . . .") (internal citations and parentheticals omitted).  Indeed, the Federal Circuit may reverse the PTAB's rulings on the validity of the '918 and '054 Patents, which would result in the evidence that Micron relies on in Idaho having the opposite effect and

virtually confirming that Netlist brought these claims in good faith—not bad faith. Any litigation utilizing this non-final evidence in the meantime, therefore, unavoidably risks duplicating proceedings and almost guarantees wasting significant judicial resources.

In light of this reality, this Court finds that it is prudent to stay the litigation before it until the PTAB decisions (being the foundation of this action) become final and non-appealable as affirmed or reversed. Adjudicating these claims of bad faith while relying on non-final evidence would be nothing short of folly. Accordingly, the Court concludes that this action should be stayed until the United States Court of Appeals for the Federal Circuit issues its final ruling on the appeals concerning the E.D. Texas Patents that the PTAB determined were unpatentable, and if applicable, until the United States Supreme Court reviews the circuit court's decisions.

Staying this case until the PTAB decisions reach finality not only reduces the risk of conflicting adjudications between the various courts—including between the United States District Court for the Eastern District of Texas, the Idaho State Court, and the United States District Court for the District of Idaho—but doing so also avoids the wasteful and premature expenditure of limited judicial resources. While this Court would not go so far as to offer unsolicited guidance to a sister court, how any court (state or federal) could go forward on these issues until the PTAB decisions (as well as the jury trial decisions finding validity) obtain final non-appealable status is hard to understand.

Although Netlist has a legitimate interest in pursuing its own declaratory judgment claims, the Court has determined that these interests, in this case, are outweighed by the considerations of avoiding the premature expenditure of judicial resources and the risk of inconsistent judgments. Ultimately, the interests of justice are best served by a stay of this case pending the resolution of the appeals currently pending before United States Court of Appeals for the Federal

Circuit concerning the E.D. Texas Patents that the PTAB has determined were unpatentable and the jury trial decisions finding validity.

## IV. CONCLUSION

Having considered the Motion, and for the reasons set forth herein, the Court finds that Micron's Motion (Dkt. No. 46) should be and hereby is **GRANTED AS MODIFIED**. The Court **ORDERS** that this case is **STAYED** pending the final and non-appealable determination of validity as to the E.D. Texas Patents in light of the rulings of the PTAB and the jury trial verdicts of this Court,[10] or until otherwise ordered by this Court, whichever is sooner.[11] The Parties shall file joint status reports with the Court within five (5) days of any dispositive adjudication by the Federal Circuit and/or the United States Supreme Court.

---

[10] *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 24-2203 (Fed. Cir. Aug. 13, 2024) (jury finding that Samsung infringed at least one of the claims of the '339, the '918, the '054, the '060, and the '160 Patents, that none of the asserted claims were invalid, that Samsung's infringement was willful, and that Samsung owed Netlist approximately $300 million for that infringement); *Micron II*, Case No. 2:22-cv-00294-JRG (E.D. Tex.) (jury finding that Micron infringed at least one claim of each of the '912 and the '417 Patents, that such infringement was willful, and that Netlist should recover from Micron $445,000,000.00 for infringement); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-1521 (Fed. Cir. Feb. 27, 2024) (appealing the PTAB's FWD in IPR2022-00711, which found all challenged claims of the '506 Patent unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-1707 (Fed. Cir. April 17, 2024) (appealing the PTAB's FWD in IPR2022-00639, which found all challenged claims of the '339 Patent unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-1859, -1863 (Fed. Cir. May 23, 2024) (appealing the PTAB's FWDs in IPR2022-00996 and IPR2022-00999, which found all challenged claims of the '918 and '054 Patents unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-2240, -2241 (Fed. Cir. Aug. 20, 2024) (appealing the PTAB's FWDs in IPR2022-01427 and IPR2022-01428, which found all challenged claims of the '060 and '160 Patents unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 24-2304 (Fed. Cir. Sep. 11, 2024) (appealing the PTAB's FWD in IPR2022-00615, which found all challenged claims of the '912 Patent unpatentable); *Netlist, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 25-1286, -1296 (Fed. Cir. Dec. 16-17, 2024) (appealing the PTAB's FWDs in IPR2023-00454 and IPR2023-00455, which found all challenged claims of the '215 and '417 Patents unpatentable).

[11] The Parties should also notify the Court about any decision relating to Netlist's appeal of the United States District Court for the District of Idaho's decision to remand back to the Idaho state court pending in *Micron Technology, Inc. v. Netlist, Inc.*, Case No. 24-2281 (Fed. Cir. Sep. 3, 2024).

So ORDERED and SIGNED this 27th day of March, 2025.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE